# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES POINTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-01080-AGF |
| | ) | |
| MAGGIE LUDWIG, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of plaintiff Charles Pointer for leave to commence this civil action without payment of the required filing fee. (Docket No. 2). Having reviewed the financial information filed with the motion, the Court finds that plaintiff is unable to pay the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Additionally, for the reasons discussed below, the Court will order plaintiff to show cause why this action should not be dismissed for failure to state a claim.

### The Complaint

Plaintiff has filed a pro se complaint under Title VII of the Civil Rights Act of 1964 (Title VII), the Age Discrimination in Employment Act of 1967 (ADEA), and the Americans with Disabilities Act of 1990 (ADA). (Docket No. 1 at 1). He names Maggie Ludwig, a human resource specialist, as the sole defendant.

Plaintiff alleges that he was discriminated against on the basis of race, age, and disability when he was not hired as a police dispatcher. (Docket No. 1 at 8). He states that he was qualified for the job and that there were no non-discriminatory reasons for him not to be hired. (Docket

No. 1 at 4). Plaintiff further claims that promissory estoppel "was broken because one of the officials promised to send the results of the interview" to him, but failed to do so.

Plaintiff requests that his name be placed on the list of people to be hired. (Docket No. 1 at 9). He also seeks $100,000 in compensatory damages, $100,000 in punitive damages, and $100,000 for mental anguish.

**Discussion**

Pursuant to 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Plaintiff filed an administrative charge alleging that he had been discriminated against on the basis of race, age, and disability. (Docket No. 1-4 at 1). The Equal Employment Opportunity Commission (EEOC) mailed him a right to sue letter on June 5, 2018, giving him ninety days in which to file a lawsuit. (Docket No. 1-3 at 1). Plaintiff filed this action within that ninety day period, on June 29, 2018. It appears, therefore, that plaintiff's lawsuit is timely and that he has exhausted his administrative remedies.

Plaintiff's complaint is defective, however, in that it names an individual defendant, rather than an employer. Under Title VII, individual employees are not personally liable. *Spencer v. Ripley Cty. State Bank*, 123 F.3d 690, 691-92 (8th Cir. 1997). *See also Bonomolo-Hagen v. Clay Central-Everly Cmty. Sch. Dist.*, 121 F.3d 446, 447 (8th Cir. 1997). Likewise, individuals cannot be held liable under the ADEA. *See Kelleher v. Aerospace Community Credit Union*, 927 F. Supp. 361, 363 (E.D. Mo. 1996) ("[T]he Court reaffirms its previous decisions that individuals cannot be held liable under the ADEA"); and *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 511 (4th Cir. 1994) (holding "that the ADEA limits civil liability to the employer"). Finally,

individual defendants cannot be held personally liable for violations of the ADA. *See Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999); and *Walsh v. Nevada Dep't of Human Resources*, 471 F.3d 1033, 1038 (9th Cir. 2006).

In this case, the only named defendant is Maggie Ludwig, a human resources specialist. She is an individual employee, not an employer. As such, she cannot be held liable under Title VII, the ADEA, or the ADA. Therefore, plaintiff will be ordered to show cause within twenty-one days why this case should not be dismissed for failure to state a claim.

## Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). There is no constitutional or statutory right to counsel in a civil case. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. The Court will entertain future motions for appointment of counsel as the case progresses.

**Motion to Amend**

Plaintiff has filed a motion to amend his complaint. (Docket No. 4). The motion seeks to finish an uncompleted sentence that appears on page seven of the complaint. The Court will deny plaintiff's motion at this time, as plaintiff is being directed to show cause why his case should not be dismissed for failure to state a claim, and plaintiff's proposed amendment does nothing to cure the deficiency.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED at this time**.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend his complaint is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff shall show cause, in writing and **no later than twenty-one days from the date of this Order**, why plaintiff's complaint should not be dismissed for failure to state a claim.

**IT IS FURTHER ORDERED** that if plaintiff fails to respond to this Memorandum and Order, his complaint will be dismissed without prejudice.

Dated this 2nd day of January, 2019.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE