# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES POINTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-01080-AGF |
| | ) | |
| MAGGIE LUDWIG, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff Charles Pointer's response to the Court's order to show cause. (Docket No. 6). On January 2, 2019, the Court ordered plaintiff to show cause why his case should not be dismissed for failure to state a claim. (Docket No. 5). Specifically, the Court noted that plaintiff had filed his lawsuit pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), the Age Discrimination in Employment Act of 1967 (ADEA), and the Americans with Disabilities Act of 1990 (ADA). However, plaintiff's complaint improperly named an individual, rather than employer, as the sole defendant. For the reasons discussed below, the Court will construe plaintiff's response as a request to add the City of St. Louis as a defendant, and direct the Clerk of Court to issue process upon it. Additionally, the Court will dismiss plaintiff's claims against defendant Maggie Ludwig.

## The Complaint

On June 29, 2018, plaintiff filed his pro se complaint under Title VII, the ADEA, and the ADA. (Docket No. 1 at 1). He named Maggie Ludwig, a human resource specialist, as the sole defendant.

Plaintiff alleged that he was discriminated against on the basis of race, age, and disability when he was not hired as a police dispatcher. (Docket No. 1 at 8). He stated that he was qualified for the job and that there were no non-discriminatory reasons for him not to be hired. (Docket No. 1 at 4). Plaintiff further claimed that promissory estoppel "was broken because one of the officials promised to send the results of the interview" to him, but failed to do so.

Plaintiff requested that his name be placed on the list of people to be hired. (Docket No. 1 at 9). He also sought $100,000 in compensatory damages, $100,000 in punitive damages, and $100,000 for mental anguish.

On January 2, 2019, the Court ordered plaintiff to show cause why his case should not be dismissed for failure to state a claim. The Court noted that plaintiff's complaint was defective because it named an individual defendant, rather than an employer, and that individuals are not liable under Title VII, the ADEA, or the ADA.

Plaintiff filed his response on January 22, 2019. He states that he did not know that he was supposed to name the employer in the case caption, and that his error was harmless. (Docket No. 6 at 2). Furthermore, he points out that his Equal Employment Opportunity Commission (EEOC) administrative charge names the City of St. Louis as the party that discriminated against him. (Docket No. 2 at 2-3; Docket No. 1-4 at 1).

## Discussion

Pursuant to 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Plaintiff filed an administrative charge with the EEOC alleging that he had been discriminated against on the basis of race, age, and disability. (Docket No. 1-4 at 1). The EEOC

mailed him a right to sue letter on June 5, 2018, giving him ninety days in which to file a lawsuit. (Docket No. 1-3 at 1). Plaintiff filed this action within that ninety day period, on June 29, 2018. It appears, therefore, that plaintiff's lawsuit is timely and that he has exhausted his administrative remedies.

Plaintiff's complaint is defective to the extent that it names an individual defendant, rather than an employer. Under Title VII, individual employees are not personally liable. *Spencer v. Ripley Cty. State Bank*, 123 F.3d 690, 691-92 (8th Cir. 1997). *See also Bonomolo-Hagen v. Clay Central-Everly Cmty. Sch. Dist.*, 121 F.3d 446, 447 (8th Cir. 1997). Likewise, individuals cannot be held liable under the ADEA. *See Kelleher v. Aerospace Community Credit Union*, 927 F. Supp. 361, 363 (E.D. Mo. 1996) ("[T]he Court reaffirms its previous decisions that individuals cannot be held liable under the ADEA"); and *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 511 (4th Cir. 1994) (holding "that the ADEA limits civil liability to the employer"). Finally, individual defendants cannot be held personally liable for violations of the ADA. *See Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999); and *Walsh v. Nevada Dep't of Human Resources*, 471 F.3d 1033, 1038 (9th Cir. 2006).

In this case, defendant Maggie Ludwig, a human resources specialist, is an individual employee, not an employer. As such, she cannot be held liable under Title VII, the ADEA, or the ADA. Therefore, plaintiff's claims against her must be dismissed.

However, plaintiff's show cause response will be construed as a request to add the City of St. Louis as a defendant. Such request will be granted, and the Clerk of Court will be directed to add the City of St. Louis as a defendant. As noted above, plaintiff's lawsuit appears timely and his administrative remedies with the EEOC fully exhausted. Thus, the Clerk of Court will be

directed to issue process upon defendant City of St. Louis on plaintiff's claims pursuant to Title VII, the ADEA, and the ADA.

**IT IS HEREBY ORDERED** that plaintiff's claims against defendant Maggie Ludwig are **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e). A separate order of partial dismissal will be issued herewith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall add the City of St. Louis as a defendant in this action.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue process or cause process to issue on defendant City of St. Louis pursuant to the waiver of service agreement that the Court maintains with the City Counselor's Office.

**IT IS FURTHER ORDERED** that an appeal from this order of partial dismissal would not be taken in good faith.

Dated this 13th day of February, 2019.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE