UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES POINTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-01080-AGF |
| | ) | |
| CITY OF ST. LOUIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

This matter comes before the Court on Defendant City of St. Louis' motion for sanctions (ECF No. 22) and Plaintiff Charles Pointer's pro se motion to "stop Defendant from using the [en banc] order to impose sanctions against him." (ECF No. 19). For the reasons set forth below, the motion for sanctions will be denied, and Plaintiff's pro se motion will be denied as moot.

## BACKGROUND

Plaintiff filed this employment discrimination lawsuit pro se on June 29, 2018, asserting violations of Title VII, 42 U.S.C. §§ 2000e, *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. §§1201, *et seq*. Plaintiff is a frequent filer of litigation, much of which has been previously determined to have been frivolous and malicious. *See In re Charles Pointer*, 4:05-MC-00658 (E.D. Mo. September 3, 2009) (collecting cases). On November 17, 2005, after Plaintiff had filed 23 lawsuits that were either dismissed on frivolity review or on the defendants' motions for summary judgment, the Court, en banc,

restricted Plaintiff's ability to file future civil actions ("November 2005 en banc order"). Specifically, the Court determined that Plaintiff's litigious history demonstrated that his motivation for filing suits had often been to harass the named defendants rather than for the purpose of vindicating cognizable rights.

The Eighth Circuit later vacated the November 2005 en banc order, finding that Plaintiff should have been given notice and an opportunity to respond before imposing the restriction. It further held that the pre-filing injunction may have been overly broad in light of Plaintiff's particular abuses of judicial process.

On September 3, 2009, the Court entered another en banc order ("September 2009 en banc order") reiterating its finding that Plaintiff had abused the judicial process of the Court. ECF No. 22-4. It held:

> [i]n accordance with the directions from the Eighth Circuit, the Court hereby gives notice of its intent to restrict [Plaintiff's] ability to file future civil actions in this Court. The Court will give [Plaintiff] an opportunity to respond, however, before it enters any pre-filing judgment against him.

Plaintiff did not respond to the September 2009 en banc order.

In its motion for sanctions pursuant to Federal Rule of Civil Procedure 11, Defendant argues that Plaintiff filed the present lawsuit without first requesting and being granted leave to do so by the Court, in violation of the Court's en banc orders. Plaintiff maintains that the prohibition on filing imposed by the Court was vacated by the Eighth Circuit. Plaintiff further argues that he "has a right to bring litigation and legal issues to the [C]ourt," and that Defendant is engaging in malicious prosecution. ECF Nos. 19, 25.

**DISCUSSION**

Federal Rule of Civil Procedure 11 authorizes monetary and non-monetary sanctions in the event a litigant files a lawsuit "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." The purpose of the Rule is to "deter baseless filings in district court and thus . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

Here, Defendant argues that Plaintiff has filed this lawsuit in violation of a Court order, and it seeks monetary sanctions and dismissal of Plaintiff's lawsuit to deter Plaintiff from engaging in similar conduct in the future. However, upon careful review, the Court concludes that there exists no formal order barring Plaintiff from filing lawsuits in this district. Indeed, the November 2005 en banc order was vacated by the Eighth Circuit, and the September 2009 en banc order merely sets forth the Court's intent to restrict Plaintiff's ability to file future civil actions in this Court. Plaintiff failed to respond to the Court's order, and the Court never subsequently entered an en banc order formally prohibiting Plaintiff from filing future lawsuits.

Moreover, Plaintiff sought and was granted leave to proceed in this matter in forma pauperis, thus triggering an initial review by the Court for frivolity, maliciousness, and failure to state a claim upon which relief has been granted. *Brison v. Mulls*, No. 4:18-CV-01783-CDP, 2019 WL 1326661, at *1 (E.D. Mo. Mar. 25, 2019) ("Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.").

Plaintiff's complaint survived this initial review, and the case has proceeded accordingly. Thus, sanctions are not appropriate here, and Defendant's motion will be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant City of St. Louis' motion for sanctions is **DENIED**. ECF No. 22.

**IT IS FURTHER ORDERED** that Plaintiff Charles Pointer's pro se motion to "stop Defendant from using the [en banc] order to impose sanctions against him" is **DENIED AS MOOT**. ECF No. 19.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 28th day of June, 2019.